IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSICA ANN IDLETT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-432-A |
| | § | (NO. 4:18-CR-094-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Jessica Ann Idlett, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion and brief in support, the government's response,[1] movant's reply,[2] the record in the underlying criminal case, No. 4:18-CR-094-A, styled "United States v. Brian Dean King, Jr., et al.," and applicable authorities, finds that the motion must be dismissed.

I.

Background

On April 18, 2018, movant was named along with others in a one-count indictment charging her with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in

---

[1] The response is in the form of a motion to dismiss.
[2] The reply is titled a rebuttal to the government's motion to dismiss.

violation of 21 U.S.C. § 846. CR Doc.[3] 33. On June 14, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 48. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 49. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true.[4]

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 53, ¶ 38. She

---

[3] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-094-A.
[4] The court follows the same routine in each case.

received a two-level increase for possession of firearms, id. ¶ 39, and a two-level increase for obstruction of justice. Id. ¶ 42. She received a two-level and a one-level adjustment for acceptance of responsibility. Id. ¶¶ 45, 46. Based on a total offense level of 35 and a criminal history category of I, movant's guideline imprisonment range was 168 to 210 months. Id. ¶ 103. Movant filed objections to the PSR, CR Doc. 90, and the probation officer prepared an addendum. CR Doc. 62. The probation officer prepared a further addendum noting that had movant been held accountable for the amount of methamphetamine she admitted receiving, her base offense level would have been 37 and the guideline range the same as calculated. CR Doc. 74. If movant did not receive the adjustment for acceptance of responsibility, her guideline range would be 292 to 365 months. Id.

On October 19, 2018, movant was sentenced to a term of imprisonment of 120 months. CR Doc. 87. Movant did not appeal.

II.

Grounds of the Motion

Movant asserts four grounds in support of her motion, worded as follows:

**GROUND ONE:** Defense counsel provided constitutionally inadequate failing to properly investigate the

3

>evidences presented to counsel by the government prior to and during negotiations.

Doc.[5] 1 at PageID[6] 4.

>**GROUND TWO:** Counsel was ineffective of assistance failed to object District Court plainly erred of gun possession/unlawful enhancement

Id. at PageID 5.

>**GROUND THREE:** District Court failed to make sure petitioner knows the consequences of waiving her rights and accepted the plea

Id. at PageID 6.

>**GROUNDS FOUR:** Counsel was ineffective assistance violated her constitutional right by not provide discoveries for her to view and quantity of drugs and obstruction of justice enhancement was not objected although petitioner to him those was wrong. Plea bargain process was under performance as she failed to investigate and prepare to the case.

Id. at PageID 8.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-

---

[5] The "Doc. __" reference is to the number of the item on the docket in this civil case.
[6] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers.

4

32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an

5

objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

6

IV.

Analysis

Because movant did not file a notice of appeal, her sentence became final on November 2, 2018. United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). She had one year in which to file her motion under § 2255. 28 U.S.C. § 2255(f).

Movant acknowledges that her motion is untimely and argues that she should be entitled to equitable tolling. Doc. 1 at PageID 10. Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively and only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006).

Movant bears the burden to show that equitable tolling should apply. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To do so, she must show (1) that she has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing of her motion. Holland v. Florida, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond her control; delays of her own making do not meet the test. In re Wilson, 442 F.3d at 875. Equitable tolling applies

7

principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting her rights. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002); Patterson, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. Fierro, 293 F.3d at 682.

Movant does not meet the test for equitable tolling. Although she contends that she was "highly under the influence of drugs," the record reflects that was in custody long before entering her plea. CR Docs. 12, 13. Even if the allegation is true, she says that her attorney advised her that she had 15 months in which to file a motion under § 2255. She makes no attempt to explain why she did not file her motion until almost 18 months after her sentence became final.[7] By her own calculation, she is late without any excuse.[8]

---

[7] Movant delivered her motion to the prison mail system for filing on May 1, 2020. Doc. 1 at PageID 36 & 39.
[8] Movant mentions Rehaif v. United States, 139 S. Ct. 2191 (2019), but Rehaif concerns 18 U.S.C. § 922(g), which did not apply in movant's case.

8

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

SIGNED June 25, 2020.

JOHN McBRYDE
United States District Judge

9